JENNIE FISHER v. W. F. MOORE *et al.*

No. 290.

CHATTEL MORTGAGE—*Defective Description—Constructive No-tice.* In an action by a mortgagee to recover the value of personal property, against a stranger to the mortgage, as for conversion, if any part of the property is sufficiently described in the mortgage to charge a purchaser thereof with constructive notice by record, it is error for the court to sustain an objection to the introduction of evidence as to all of such property because of the invalidity of the mortgage in not sufficiently describing the property.

Error from Wyandotte district court; HENRY L. ALDEN, judge. Opinion filed January 6, 1898. Reversed.

*John W. DeFord,* and *W. A. Deford,* for plaintiff in error.

*Scarritt, Griffith & Jones,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: The defendants in error object to the consideration of this case upon the merits, and move to dismiss the petition in error for the following reasons : (1) That the case made was not settled by the judge who tried the case, as required by law; (2) that it was settled in the absence of the defendants in error and without notice; (3) that it was settled in the absence of the defendants in error and without " sufficient " notice ; (4) that the case-made does not affirmatively show that the motion for a new trial was filed at the term at which the decision was rendered ; and, (5) that the petition in error does not specifically state the errors complained of.

There is but one error assigned, and that is, that the court sustained an objection to the introduction of any evidence under the petition, for the reason that

the petition did not state sufficient facts to constitute a cause of action; so that, as to the fourth ground of objection, it was not necessary that the plaintiff in error should file any motion for a new trial to enable this court to examine that question. It stands upon the same footing as though the court had sustained a demurrer to the petition.

So far as we can determine from the record, the first objection is without merit. As to the second and third objections, the record affirmatively shows that the defendants in error were duly served with notice; and, as the petition in error assigns specifically as error that the court ruled out all testimony offered by Jennie Fisher in said cause, the fifth objection is without merit.

Coming to the real question presented by the record, we find some difficulty in reaching a conclusion satisfactory to ourselves. The plaintiff in error sought to recover from the defendants in error the value of certain cattle, as for a conversion of the same, basing her right thereto upon a chattel mortgage made by one J. W. Santee to her, in December, 1891, to secure a debt, on which she alleges there is a balance due of $375. A copy of the mortgage is set out with the petition and made a part thereof, and it is alleged that Santee shipped the property from Coffey county, Kansas, to the defendants in error at Kansas City, Kan., about the 2d day of August, 1892. The plaintiff in error also alleges that this chattel mortgage was recorded in Coffey county on the 2d day of December, 1891; that said Santee resided in said county; and that the live stock was at all times there, in his possession, until so shipped by rail to the defendants.

The plaintiff's right depends entirely upon the validity of the mortgage. The learned judge trying the case held the mortgage to be invalid as against

the defendants because of its uncertainty, because of insufficiency in the description of the property mortgaged, and because it does not identify the mortgagor or the mortgagee, or disclose the place where the parties lived or where the property was kept.

The description of the property itself is not sufficient to afford means of identification, except possibly as to twenty-two head of cows, which were described as follows: "Twenty-two head of native cows of various colors and aged from three to eight years, some dehorned and some branded, and all to be dehorned, and branded, in the spring, with the letter 'C' on the right side."

The plaintiff seeks to recover for the conversion of twenty-one of these cows, and of six heifers and two head of other cattle, which were probably intended to be described in this language: "Nine heifer calves of various colors."

The mortgage says that the property was to remain in the possession of the maker, Santee, but it nowhere identifies Santee. It does not give his place of residence, and does not disclose where the property was to be kept. It does not allege, except inferentially, that the cows were branded on the right side with the letter "C," in the spring, between the making of the mortgage and the shipment of the cattle.

The defendants having received the property by shipment from the mortgagor, from Coffey county, the petition showing that that was the residence of the mortgagor and the place where the property had been kept, the defendants would be bound to take notice of the mortgage, so far as the description would enable them to identify the property therein described.

The mortgage further states that the twenty-two

cows which Santee proposed to brand in the spring, as stated above, were all the cows he owned.

We are of the opinion that the description contained in the mortgage so duly recorded in Coffey county, together with the facts alleged in the petition with respect to the defendants' connection therewith, would require them to take notice of the mortgage so far as it affected those of the twenty-one cows alleged to have been branded, and which were converted by the defendants. As to this part of the property, the petition stated a cause of action against the defendants, and it was error to sustain the objection to the introduction of evidence thereunder.

The judgment is reversed, with direction to award a new trial.